**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**YUHUI XIE,**

                       Plaintiff,

                                                                          **Case No. 07-C-559**

        -vs-

**MICHAEL MUKASEY, Attorney**
**General of the United States, et al.,**

                       Defendant.

---

## DECISION AND ORDER

---

On June 19, 2007, Yuhui Xie ("Xie") filed the instant petition for a hearing on her naturalization application pursuant to 8 U.S.C. § 1447(b). Subsequently, the defendants were granted six extensions of varying length (which Xie did not oppose), delaying the need to answer the petition while USCIS continued to process Xie's naturalization application. Finally, USCIS adjudicated Xie's application on June 30, 2008. Instead of moving to voluntarily dismiss her application, Xie moves for a hearing because she claims that USCIS was without jurisdiction to process her application once she filed the instant lawsuit.[1]

§ 1447(b) provides as follows:

> If there is a failure to make a determination under section 1447 [on an application for naturalization] before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States

---

[1] Xie also moved to seal all of the documents in this case because some of them contain sensitive personal information. This request is overbroad and is denied. Xie may renew her motion if she files duplicate redacted documents for previously-filed documents.

> district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

One line of cases holds that a petition under § 1447(b) gives the district court exclusive jurisdiction, such that any subsequent action by USCIS on the application is void. *See United States v. Hovsepian*, 359 F.3d 1144 (9th Cir. 2004); *Etape v. Chertoff*, 497 F.3d 379 (4th Cir. 2007). A divergent line of cases holds that § 1447(b) gives the district court concurrent jurisdiction alongside USCIS. *See Bustamante v. Chertoff*, 533 F. Supp. 2d 373 (S.D.N.Y. 2008); *Perry v. Gonzales*, 472 F. Supp. 2d 623 (D.N.J. 2007). The Fourth and Ninth Circuits are the only appellate courts to adjudicate this issue.

The Court agrees with the reasoning in *Bustamante* and *Perry* and finds that § 1447(b) gives district courts concurrent jurisdiction over a naturalization application. Like those courts, this Court disagrees with the conclusion of the Fourth and Ninth Circuits that § 1447(b) explicitly vests the district court with exclusive jurisdiction. "The absence of the use of the word 'exclusive' in the phrase, 'The district court shall have jurisdiction over the matter,' leaves open the possibility that the agency retains concurrent jurisdiction over the 'matter' during the pendency of a § 1447(b) action." *Bustamonte*, 533 F. Supp. 2d at 377.

Moreover, the express purpose of § 1447(b), enacted as part of the Immigration Act of 1990, was to reduce delays in the processing of naturalization applications. On a practical level, concurrent jurisdiction is the best way to effectuate this purpose. *See Perry*, 472 F. Supp. 2d at 629. In the instant case, at the urging of the parties, the Court delayed any action

on this case for over a year. While that may seem like a long time, it was far more efficient to defer to the expertise of USCIS than to have this Court adjudicate Xie's application without the benefit of a fully-developed administrative record. Even without the extensions, it is unlikely that the Court would have reached the merits of Xie's application before USCIS did.

It would also be perverse to invalidate the administrative process that the parties and the Court expressly deferred to for over a year. § 1447(b) allows the Court to either decide the petition on the merits or determine that USCIS "is a more appropriate forum for the matter in the first instance." *Bustamonte* at 373. By granting the requested extensions, the Court implicitly made the latter determination. Xie did not object to this deference or urge the Court for a decision on the merits until after USCIS rendered an unfavorable ruling.

The Court does not know if Xie sought review of USCIS's June 30 denial of her naturalization application. If she did, it is possible that she could ultimately seek review in the district court pursuant to 8 U.S.C. § 1421(c) (allowing for judicial review if an application for naturalization is denied). The availability of this alternative remedy is another factor that counsels in favor of concurrent jurisdiction under § 1447(b). "The superior efficiency of *de novo* district court review on a fully developed administrative record, pursuant to § 1421(c), as compared to initial review by the district court on perhaps no record at all or on an incomplete administrative record, pursuant to § 1447(b), is obvious." *Etape*, 497 F.3d at 394 (Hamilton, J., dissent).

For all of the foregoing reasons, the Court finds that its jurisdiction over Xie's complaint was concurrent to USCIS' jurisdiction. Therefore, when USCIS processed Xie's application for naturalization, this case became moot. *See Perry*, 472 F. Supp. 2d at 630; *Bustamonte*, 533 F. Supp. 2d at 381; *Etape* at 394 ("nothing short of Article III, § 2 of the United States Constitution strips a district court of subject matter jurisdiction over a § 1447(b) petition...") (Hamilton, J., dissent).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Xie's motion for a hearing [D. 22] is **DENIED**;

2. Xie's motion to seal [D. 19] is **DENIED**; and

3. This matter is **DISMISSED** as moot.

Dated at Milwaukee, Wisconsin, this 8th day of September, 2008.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**